**UNITED STATES of America, Plaintiff–Appellee**

v.

**Kyle MERCHANT, Defendant–Appellant.**

No. 03–21007.
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Decided March 23, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Kyle Merchant, Beaumont, TX, pro se.

Before KING, WIENER and DeMOSS, Circuit Judges.

PER CURIAM: *

Kyle Merchant appeals his guilty-plea conviction of aiding and abetting in the possession with intent to distribute 50 or more grams of cocaine base. He seeks to challenge his sentence based on *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

Merchant asserts that the merits of his appeal should be addressed despite an appeal waiver in his plea agreement. He argues that the appeal waiver, which was entered before the Supreme Court issued its decision in *Booker*, was not informed

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

and voluntary because the waiver was based on the erroneous advice that the Sentencing Guidelines were mandatory and that the district court was required to issue a sentence in conformity with those Guidelines. This argument is unavailing. *See United States v. Burns*, 433 F.3d 442, 450–51 (5th Cir.2005). Merchant's appeal waiver is enforceable.

As part of his plea agreement, Merchant waived his right to appeal on any ground set forth in 18 U.S.C. § 3742, with the exception of an upward departure. Merchant's sentence did not constitute an upward departure. *See United States v. McKinney*, 406 F.3d 744, 746–47 (5th Cir. 2005). Accordingly, we dismiss Merchant's appeal because it is barred by the waiver contained in the plea agreement.

APPEAL DISMISSED.

---

the limited circumstances set forth in 5TH CIR. R. 47.5.4.